IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEVONNA CULPEPPER                                                                    PLAINTIFF

V.                                       NO.  4:06cv00180 JWC

DEPARTMENT OF AGRICULTURE                                                 DEFENDANT

ORDER

This case is set for trial on June 7, 2010.  Several motions are pending.

A.    **Plaintiff's Motion to Compel (doc. 68).**  Plaintiff moves to compel discovery of the handwritten notes of Cherry Smith from 1998 to the present.  On November 25, 2009, Plaintiff propounded the following discovery request:

> All documents, records, memoranda, correspondence, personal notes and electronic messages in the possession of Cherry L. Smith relating to and pertaining to Devonna V. Culpepper from 1998 to the present.

The production request was repeated on March 5, 2010, on permission of the Court, and in letters to Defendant's counsel on May 4, May 6 and May 17, 2010.  The motion to compel includes a demand that Defendant produce all notebooks kept by Ms. Smith, arguing that Defendant's failure to timely respond has raised doubts whether it has been fully responsive.  Plaintiff also asks for attorney's fees in connection with the motion.

In response (docs. 75, 76), Defendant admits that it did not timely respond to the initial request, but says Plaintiff did not make further demand until the March 5, 2010 request.  Defendant states that all notes pertaining to Plaintiff from 1998 to 2003, and from 2006 to date, have been or are being provided to Plaintiff's counsel, with the exception of matters pertaining to communications with counsel and thus privileged.  Defendant objects to producing Ms. Smith's notebooks in their entirety, as they contain notes about personnel

issues pertaining to other employees, communications or meetings with agency counsel, and other matters wholly unrelated to Plaintiff.  Defendant offers to make the entire material available for *in camera* inspection.

Defendant's response indicates that it has substantially complied with Plaintiff's request for production, except that it makes no mention of responsive materials that may have been created during 2004 and 2005.  Defendant must immediately produce any such responsive materials that exist or certify to the Court that none do for that period.  Defendant's agreement to provide the notebooks for *in camera* inspection gives reasonable assurance that all responsive materials, with the exception noted above, have been produced.  Also, production of the notebooks to Plaintiff would entail the difficulties raised by Defendant.  Therefore, Defendant will not be required to produce the entire notebooks.

The Court notes that Defendant failed to comply with Fed. R. Civ. P. 26(b)(5) as to materials it claims are privileged.  However, at this late date, the Court will not require the production of a privilege log.  It appears that these problems could have been prevented by a timely motion to compel after Defendant failed to respond to the initial request.  Both parties are at fault for causing this late discovery problem.[1]

For the same reason, Plaintiff's request for attorney's fees in connection with the motion to compel is denied.

Plaintiff's motion to compel (**doc. 68**) is **granted in part and denied in part**.

---

[1] This case was within two days of trial when District Judge Susan W. Wright continued it because of a scheduling conflict.  All discovery should have been completed at that time.  I did, at the request of the parties, allow some additional discovery.

B.  **Plaintiff's Motion in Limine re Johnny James (doc. 70).**  Plaintiff moves to preclude Johnny James from testifying at trial, as well as to disallow any testimony or documents from Sandy O'Brien about Mr. James.  According to Plaintiff, Mr. James has never been identified as a witness and any testimony about him would be inadmissible hearsay.

In response (doc. 77), Defendant asserts that Mr. James will not be called as a witness but that the following evidence regarding him will be offered, probably through Sandy O'Brien, the HR Manager:  (1) Vacancy Announcement, AR 02-05, Loan Specialist (Commercial), GS-1165-9/11/12; (2) Mr. James' application for the position; (3) the notification of Mr. James' selection for the position; and (4) if contested, testimony by other agency employees that Mr. James is hearing impaired, uses a TDD, requires a sign language interpreter for meetings, reads lips, etc.  Defendant asserts that Mr. James' application would not be hearsay because it would not be offered to assert the factual accuracy of its contents but for the non-hearsay purpose of showing that a hearing impaired employee applied for a position under a vacancy announcement with the same language that Plaintiff alleges is discriminatory and prevents hearing impaired persons from being considered.  Additionally, Defendant contends that, even if documents at issue are hearsay, they could be admitted under the business records exception, Fed. R. Evid. 803(6).

Plaintiff's motion in limine (**doc. 70**) is **denied** without prejudice to objecting at trial.  The material appears to fall under a recognized exception to the hearsay rule.  Because this is a bench trial, the Court will allow Defendant to proffer the evidence and can then

better rule on whether it should be excluded and, if not, the weight, if any, it should be accorded.

C. **Defendant's Motion in Limine (doc. 71).** Defendant moves, pursuant to Fed. R. Evid. 401 and 403, to prohibit Plaintiff from presenting at trial testimonial or documentary evidence as to: (1) Plaintiff's voluntary downgrade in 1988, as an administratively unexhausted claim, irrelevant and too remote in time; (2) allegations made in Plaintiff's previous lawsuit about her working conditions, including a 4/30/04 Final Agency Decision, as having been resolved by settlement of the prior case, and as too remote in time; (3) former RD Instruction 2045-C, as obsolete and irrelevant; (4) alleged grade-restricted 2009 merit promotion positions, as not administratively exhausted and as outside the purview of Plaintiff's claims because the grade restrictions apply to all employees, regardless of disability or prior protected activity; and (5) front pay, as unavailable in a failure-to-promote case, and loss of pay calculated at the GS-12 grade level, as irrelevant because the positions at issue here had promotion potential only to GS-9.

Plaintiff responded (docs. 73, 74), contending, as a general matter, that excluding evidence to alleviate prejudice or confusion has little significance here because the typical Rule 403 concerns regarding juror perceptions "simply do not exist in the context of a bench trial." According to Plaintiff, the Court can weigh all evidence and determine the proper weight to be given.

Plaintiff asserts that she does not seek relief for, or seek to relitigate, events surrounding her 1988 downgrade or the employment conditions that were the basis for her prior claims. With that qualification, Defendant's motion in limine (**doc. 71**) is **denied**

without prejudice to objection at trial.  Plaintiff's response demonstrates some relevance as to the matters identified in Defendant's motion.  She will be permitted to introduce evidence and argument regarding the matters, subject to cross-examination and argument by Defendant, and subject to limitation by the Court as deemed appropriate.  The Court will weigh all evidence presented and determine the weight, if any, it should be given. Relevance is best determined in the context of other admissible evidence presented at trial.

      IT IS SO ORDERED this 2nd day of June, 2010.

                                                                                          UNITED STATES MAGISTRATE JUDGE